UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-22023-CIV-WILLIAMS/MCALILEY

ISABEL CASTRO,

    Plaintiff,

vs.

YACHTCONTROLLER, LLC., *et al.*,

    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

Pending before the Court is the Amended Joint Motion for Approval of Settlement Agreement and Dismissal with Prejudice, which the Honorable Kathleen M. Williams referred to me for a report and recommendation. (ECF Nos. 41, 52). This action includes claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, for unpaid minimum wages, overtime wages and retaliation. (ECF No. 17). I presided over the parties' settlement conference, which resulted in an impasse. (ECF No. 45). Shortly thereafter, the parties reached a full settlement of this lawsuit. (ECF No. 46).

The parties' Settlement Agreement provides that Defendants will pay Plaintiff $12,000, of which $4,900 is in settlement of her FLSA claims and $100 is in settlement of her state law claims for breach of contract, quantum meruit and unjust enrichment. (ECF No. 55-1). This Court must approve that portion of the Settlement Agreement that compromises Plaintiff's FLSA claims, by finding that it is a fair and reasonable resolution of a bona fide dispute. *Lynn's Food Stores, Inc. v. United States, U.S. Dep't.*

*Of Labor*, 679 F.2d 1350, 1355 (11th Cir. 1982). In making this determination courts may consider factors, such as: "(1) the existence of collusion behind the settlement; (2) the complexity, expense and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel." *Mason v. Wyndham Vacation Ownership, Inc.*, Case No. 6:10-cv-1805-Orl-35GJK, 2012 WL 570060, at *1-2 (M.D. Fla. 2012) (citations omitted).

In addition to conducting a fairness analysis of the amount paid to compromise Plaintiff's FLSA claim, the Court must also evaluate the reasonableness of any attorneys' fees included in a FLSA settlement. *Vazquez v. 1052 LLC*, Case No. 15-22677-Civ-Cooke/Torres, 2016 WL 541432, at *1 (S.D. Fla. Feb. 11, 2016) (citation omitted). The Settlement Agreement provides that of the total $12,000 payment Defendant will make to Plaintiff, $7,000 will be compensation for Plaintiff's attorneys fees ($6,429) and costs ($571) and, as noted above, $5,000 will be paid to Plaintiff.

The parties filed a copy of their Settlement Agreement (ECF No. 55-1), and Plaintiff's counsel filed a copy of his billing records, which reflect that Plaintiff incurred $8,240 in attorney's fees and $571 in costs. (ECF Nos. 52-2). In her Amended Statement of Claim, Plaintiff claimed Defendant owed her $14,712.48 in unliquidated damages. (ECF No. 38).

I have the advantage of having presided over the parties' settlement conference, which gave me insight into the strengths and weaknesses of Plaintiff's FLSA claims and Defendant's defenses thereto. I have also reviewed the record in this case. I have

considered this information in light of the fairness factors identified above and I conclude that the Settlement Agreement is a fair and reasonable resolution of a bona fide dispute over Plaintiff's FLSA claims, and the amount of attorneys' fees and costs Plaintiff's counsel will receive for prosecuting the FLSA claims is reasonable.

For the foregoing reasons, I **RESPECTFULLY RECOMMEND** that the Court **GRANT** the Amended Joint Motion for Approval of the Parties' Settlement Agreement (ECF No. 52), **APPROVE** the parties' Settlement Agreement (ECF No. 55-1), and **DISMISS** this action **WITH PREJUDICE**.

**No later than (7) seven days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable Kathleen M. Williams, who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), *Henley v.* Johnson, 885 F.2d 790, 794 (11th Cir. 1989), 28 U.S.C. § 636(b)(1), 11th Cir. R. 3-1 (2016).

RESPECTFULLY SUBMITTED in chambers in Miami, Florida, this 9th day of May 2022.

CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Honorable Kathleen M. Williams
Counsel of Record